### FRED POTTS v. THE STATE.

#### No. 4250.   Decided January 29, 1908.

**1.—Local Option—Indictment.**

Where upon trial for a violation of the local option law the indictment followed approved precedent the same was sufficient.

**2.—Same—Charge of Court—Sale.**

Where upon trial for a violation of the local option law, the evidence showed that the whisky was set out to prosecutor by defendant; that the prosecutor laid down thirty cents on the bar; that the defendant was standing on the opposite side of the bar, but that prosecutor could not say what became of the money, the same showed a sale, and there was no error in refusing a charge upon the question of sale, where that issue had been properly submitted in the court's charge.

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*Smith & Wall,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted of unlawfully selling intoxicating liquors in the county court of Grayson County, in violation of the local option law.

The indictment under the authority of Albert Watson v. State, 52 Texas Crim. Rep., decided at the present term, is good.

Complaint is made that the court refused to give in his charge to the jury special instruction No. 3 requested by appellant. This charge is as follows: "In this case you are instructed that, unless you believe beyond a reasonable doubt that the defendant saw the prosecuting witness, Golden, place the money on the counter, and unless you further believe from the evidence that he knew it was placed there to pay for the drinks or toddies, you will return a verdict of not guilty." In this connection it does not appear whether this charge was given or refused. As the charge appears in the transcript it is merely signed "J. W. Hassell, Judge," and nothing to authenticate or evidence its refusal. However, if we may assume that it was in fact refused, we do not think, in the light of the testimony in the case, that it should have been given. And we are also of opinion that the instruction given by the court was a sufficient and correct presentation of the law on this issue. The witness Golden testified, among other things, as follows: "We got some whisky in there. Mr. Jones and I got a couple of drinks. When we went in, Mr. Jones told the defendant we wanted a couple of toddies. Defendant was behind the bar, and we were in front of the bar. He set out some glasses with some sugar and water in them and put out a bottle and we poured it out and drank it. I then put 30 cents down there on the bar and paid for it. I could not say what was done with the money that was put on the bar. When I left I did not take the money that I put on the bar. When the money was put there the defendant was standing on the opposite side of the bar from me." The facts stated, taken in connection with the declarations of the witness that he paid for the whisky, evidenced, if the jury believed the witness, a sale. There was nothing to indicate that defendant intended to give the whisky to the parties. The record contains all the indicia of a sale. There was a bar, appellant was behind it, his customers in front of it; there were glasses, sugar and water; a bottle of whisky; the goods delivered and the money paid. It would have been misleading, and a charge upon the weight of evidence, to have given the instruction requested.

There being no error in the record, as we believe, the judgment of the court below is in all things affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]